UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFFREY MANIGAULT,

                Plaintiff,

        -against-                    **REPORT AND RECOMMENDATION**

OFFICER CHECO # 940987, and OFFICER      11 Civ. 373 (RJS)(KNF)
LEE #944729, of the P.S. A-5 POLICE
DEPARTMENT,
                Defendants.
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE RICHARD J. SULLIVAN, UNITED STATES DISTRICT JUDGE

## BACKGROUND

Jeffrey Manigault ("Manigault"), proceeding pro se, brought this action against New York City Police Officer Manuel Checo ("Officer Checo"), and New York City Police Officer Jason Lee ("Officer Lee"), alleging that they violated his constitutional rights under the Fourth and Fourteenth Amendments, by using excessive force during the course of his arrest. Officer Checo failed to answer or otherwise respond to the complaint, within the time provided by Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure, after service was effected by the United States Marshals Service. As a result, Manigault requested that the Clerk of Court enter Officer Checo's default; the request was granted. See Fed. R. Civ. P. 55(a). Thereafter, Manigault made a motion for judgment by default, which is before the Court. On July 28, 2011, Officer Checo responded, requesting that the plaintiff's motion for judgment by default be denied, and that he be permitted until September 26, 2011, "to answer or otherwise respond to the complaint."

According to Officer Checo, after being served with the summons and complaint, he completed and submitted to his commanding officer a request for legal assistance from the New York City Law Department ("Law Department").  However, Officer Checo's request for legal assistance was never delivered to the Law Department.  The Law Department did not learn about this case, and Officer Checo's desire for legal representation by it, until July 2011, long after Officer Checo's time to file a responsive pleading had expired.

## DISCUSSION

From a simple reading of Fed. R. Civ. P. 55(a) and (b), a reasonable inference can be drawn that a valid default is a predicate to granting a judgment by default.  Therefore, it follows that, if the entry of default is vacated, a motion for judgment by default must be denied. Pursuant to Fed. R. Civ. P. 55(c), a party may move to set aside an entry of default for good cause.  See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993).  Fed. R. Civ. P. 55(c) does not define the term "good cause."  However, the Second Circuit Court of Appeals has identified three factors that must be assessed when determining whether good cause exists for setting aside a party's default; they are whether: (1) the default was willful; (2) setting aside the default would prejudice the adversary; and (3) a meritorious defense is presented.  Id.

### I. Willfulness

Willfulness, in the context of a default, refers to "conduct that is more than merely negligent or careless." SEC v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998).  Here, Officer Checo acted reasonably and responsibly when he was served with the summons and complaint; he completed a form requesting legal assistance from the Law Department, and submitted it to his commanding officer for transmission to the Law Department.  It appears that Officer Checo's

request for legal assistance may not have been forwarded to the Law Department by his commanding officer, or may have been misplaced. In any event, the Law Department was unaware that Officer Checo wanted its assistance in defending against this lawsuit, and no action was taken to respond timely to the plaintiff's complaint on Officer Checo's behalf.

In the circumstance of the instant case, Officer Checo's failure to respond to the complaint was not willful; rather, it appears to have resulted from mere negligence, that is, inaction or inattention by his commanding officer. Inasmuch as Officer Checo acted reasonably and responsibly, when he was served with the summons and complaint, by completing the requisite document to obtain legal assistance from the Law Department, and did not contribute to the failure of that document to arrive at the Law Department, the first factor militates in favor of setting aside the entry of default.

## II.     Prejudice

The Court has considered whether Manigault would be prejudiced by a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud and collusion if the entry of default were set aside. See Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (citation omitted). "[D]elay alone is not a sufficient basis for establishing prejudice." Id. (citing Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656-57 (3d Cir. 1982)). Furthermore, discovery has not begun, and no allegations of fraud or collusion have been asserted by Manigault against Checo. Since the litigation is at an early stage, setting aside the entry of default, so that the action can be resolved on the merits, will not prejudice Manigault. Moreover, in this judicial circuit, a strong preference exists for resolving disputes on the merits. See Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001) (citation omitted). Thus, judgments by default are disfavored, and

should be granted on rare occasions only.  See State Street Bank and Trust Co. v. Inversiones, 374 F.3d 158, 168 (2d Cir. 2004).  Therefore, the second factor also militates in favor of setting aside the entry of Officer Checo's default.

### III.     Meritorious Defense

In a circumstance such as this, a court must consider whether the defaulting defendant may have a meritorious defense to the complaint.  In doing so, the court must analyze "whether the evidence submitted, if proven at trial, would constitute a complete defense."  Enron, 10 F.3d at 98 (citations omitted).  However, a party seeking to set aside the entry of default "need not conclusively establish the validity of the [party's] defense."  Musler, 713 F.2d at 916 (citing Keegel v. Key West & Caribbean Trading Co., Inc., 627 F.2d 372, 374 (D.C. Cir. 1980)).

Manigault alleges he was subjected to excessive force by the defendants during the course of his arrest.  Officer Checo maintains that Manigault was observed engaging in an illegal drug transaction, and attempted to flee from police officers.  Officer Checo contends that Manigault resisted arrest, and was brought to the ground by police officers who pursued him.  Furthermore, Officer Checo maintains that only the force reasonably necessary to handcuff Manigault to effect his arrest was employed.  If Officer Checo's contentions are proven at trial, they would amount to a complete defense to the claims made by Manigault.  In any event, as noted above, the defaulting party is not required to establish conclusively the validity of that party's defense.  See Musler, 713 F.2d at 916.  The Court finds that Officer Checo has asserted what appears to be a meritorious defense.  Accordingly, the third factor supports setting aside his default.

### RECOMMENDATION

For the reasons set forth above, I recommend that your Honor: (1) deny Manigault's

motion for judgment by default; and (2) grant Officer Checo's request for an order vacating the default that was entered against him by the Clerk of Court.

**FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Richard J. Sullivan, 500 Pearl Street, Room 640, New York, New York 10007, and to the chambers of the undersigned, 40 Centre Street, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Sullivan. ***Failure to file objections within fourteen (14) days will result in a waiver of objections and will preclude appellate review.*** See Thomas v. Arn, 474 U.S. 140, 470 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 58-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
August 25, 2011

Respectfully submitted,

Kevin Nathaniel Fox

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Copies mailed to:

Jeffrey Manigault
Elissa B. Jacobs, Esq.