UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCU...  .  .
ELECT...      ...... FILED
DOC #: ____
DATE FILED: __10/7/11__
```

JEFFREY MANIGAULT,

                           Plaintiff,

    -v-

OFFICER CHECO # 940987, and OFFICER LEE
#944729 of the P.S. a-5 POLICE DEPARTMENT,

                           Defendants.

No. 11 Civ. 373 (RJS) (KNF)
MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Jeffrey Manigault, *pro se* and incarcerated, brings this action against New York

City Police Officer Manuel Checo ("Officer Checo"), and New York City Police Officer Jason

Lee ("Officer Lee"), alleging that they used excessive force during the course of his November

12, 2010 arrest in violation of his constitutional rights. Now before the Court is the Report and

Recommendation ("Report") of the Honorable Kevin N. Fox, Magistrate Judge, recommending

that (1) Plaintiff's motion for judgment by default be denied; and (2) Defendant Checo's request

for an order vacating his default be granted. For the following reasons, the Court adopts the

Report in its entirety.

    By Order dated January 31, 2011, the Court referred the case to Judge Fox for general

pretrial purposes and dispositive motions. According to the docket sheet, Officer Checo was

served by the United States Marshalls Service on March 9, 2011. Officer Checo subsequently

failed to answer or otherwise respond to the Complaint within the time periods set forth in Rule

12(a) of the Federal Rules of Civil Procedure. Plaintiff applied for a certificate of default with

respect to Officer Checo, which the Clerk of the Court issued on July 27, 2011. Plaintiff

thereafter moved for judgment by default.

By letter dated July 28, 2011, the New York City Law Department ("Law Department") filed an opposition to the motion for default judgment on behalf of Officer Checo. According to the Law Department, there was an inadvertent delay in receiving Officer Checo's requests for legal representation until July 2011, long after the time to file a responsive pleading had passed. Judge Fox issued the instant Report on August 25, 2011, and copies of the Report were mailed to Plaintiff on that date.   On September 7, 2011, the Court received Plaintiff's enclosed single-page objection to the Report dated August 31, 2011.   Subsequently, on September 12, 2011, an Answer was filed on behalf of both Defendants.

A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. Fed. R. Civ. P. 72(b); *Grassia v. Scully*, 892 F.2d 16, 19 (2d Cir. 1989).   A court may accept those portions of a magistrate's report to which no specific, written objection is made, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997) (citing Fed. R. Civ. P. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).   To the extent that a party makes specific objections to a magistrate's findings, the court must undertake *de novo* review of such objections. *See* 28 U.S.C. § 636(b)(1); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).   *Pro se* filings are generally accorded leniency; however, where the objections are "conclusory or general," or where Plaintiff "simply reiterates his original arguments," the report should be reviewed only for clear error. *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002) (quoting *Barratt v. Joie,* No. 96 Civ. 0324 (LTS) (THK), 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) (citations omitted)); *accord Cartagena v. Connelly*, No. 06 Civ. 2047 (LTS) (GWG), 2008 WL 2169659, at *1 (S.D.N.Y. May 23, 2008).   A magistrate judge's

2

decision is "clearly erroneous" only if the district court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

"A defaulted defendant may move before the district court to be relieved of its default, and the court 'may set aside an entry of default for good cause.'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 n.15 (2d Cir. 2011) (quoting Fed. R. Civ. P. 55(c)). In this case, Plaintiff fails to provide any non-conclusory objections to Judge Fox's findings that substantial good cause exists to set aside the entry of default, particularly in light of this Circuit's "strong preference for resolving disputes on the merits." *Mickalis Pawn Shop, LLC*, 645 F.3d at 129. Significantly, Plaintiff does not argue that Defendants' delay was willful or that he would be prejudiced if the entry of default were vacated. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d. 90, 96 (2d Cir. 1993). Instead, Plaintiff merely states that Defendants "shouldn't get a free pass" and should be "held accountable for not following up with their Commanding Officer" in forwarding the request for legal assistance to the Law Department.

Accordingly, the Court reviews Judge Fox's Report for clear error, and having found none, adopts the Report in its entirety. The Court therefore denies Plaintiff's motion for judgment by default and vacates the default that was entered against Officer Checo by the Clerk of Court (Doc. No. 18).

The Clerk of the Court is respectfully directed to separately docket on ECF (1) Plaintiff's objection and (2) Defendants' July 28, 2011 letter to set aside an entry of default.

The matter shall continue to be referred to Judge Fox for general pretrial purposes and dispositive motions and the parties should comply with Judge Fox's directives in commencing

3

discovery.

SO ORDERED.

Dated:     October 7, 2011
              New York, New York

                                     RICHARD J. SULLIVAN
                                     UNITED STATES DISTRICT JUDGE

Copies Mailed To:

Jeffrey Manigault
11A2669
Bare Hill Correctional Facility
Caller Box 20
181 Brand Road
Malone, NY 12953

/ 2011

CHAMBERS OF
RICHARD J. SULLIVAN
U.S.D.J.

8/31/11

## "Objections to Report and Recommendation"

Why is Officer Checo and Lee being favored over me? They broke the law and didn't care to respond to my complaint like they are above the law. With proper investigation, my injurys will prove my truth. There are such laws for process procedures to apprehension of suspects who are innocent til proven guilty. Also, If I am late or lets just say I totally disregard responding to any of your orders, my case would be thrown out. I won't be able to justify or out smart you by filing a piss poor excuse just because of the possibility of my case being dismissed.

Officer Checo and Officer Lee shouldn't get a free pass through life while abusing their responsibilitys as lawmen by constantly indulging in criminal activities. They should be held accountable for not following up with their commanding officer because these charges are real and they are not irresponsible children.

Respectfully yours,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____ Jeffrey Manigault _____
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

- against -

_____ Officer Checc _____
_____ Officer Lee _____

*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

__11__ Civ. __373__ (KVF) (RJS)

**AFFIRMATION OF SERVICE**

I, __Jeffrey Manigault__ , declare under penalty of perjury that I have
     *(name)*

served a copy of the attached __Objections to Report and Recommendation__
                              *(document you are serving)*

upon __Judge Richard J. Sullivan__ whose address is __500__
         *(name of person served)*

__Pearl Street Room 640 NewYork N.Y 10007__
                        *(where you served document)*

by __Mail.__
   *(how you served document: For example - personal delivery, mail, overnight express, etc.)*

Dated: __New York__, __N.Y__
          *(town/city)*   *(state)*

__August__ __31__, __2011__
 *(month)*  *(day)* *(year)*

Signature __N. [signature]__

Address __Caller Box 20, 191 Brand Road__

City, State __Malone, New York__

Zip Code __12953__

Telephone Number _____

*Rev. 05/2010*



Date 8/25/11
Docket and File

(Kevin Cutanel H
HON. KEVIN NATHANIEL FOX
United States Magistrate Judge
Southern Distr...





THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

Elissa B. JACOBS
*Special Assistant Corporation Counsel*
Phone: (212) 788-0899
Fax: (212) 788-9776
Email: ejacobs@law.nyc.gov

July 28, 2011

**BY FAX** (212) 805-6712
Honorable Kevin N. Fox
United States Magistrate Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York, 10007

Re:   Jeffrey Manigault v. Officer Checo et al.,
11 CV 373 (RJS) (KNF)

Your Honor:

I am a Special Assistant Corporation Counsel in the Office of Michael A. Cardozo, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced case. I write now on behalf of defendant Police Officer Manuel Checo to respectfully request that the Court deny plaintiff's motion for default judgment and allow this case to proceed on the merits. In the event that the Court allows this case to proceed, I respectfully request a sixty-day enlargement of the defendants' time, to September 26, 2011, to answer or otherwise respond to the complaint.

By way of background, according to the Civil Docket Sheet, plaintiff filed a *pro se* complaint against Officer Checo and Officer Jason Lee on January 11, 2011. Officer Checo received the summons and complaint at his precinct in early March. He executed the proof of service and mailed it back to Mr. Manigault. He also filled out a request for legal representation and forwarded it to his commanding officer. As of this date, this request has not been received by this office. Officer Lee was not served until June 6, 2011, when he also completed the request for legal assistance and forwarded it to his commanding officer. His commanding officer completed the form on July 11, 2011. The form was received by this office on July 25, 2011.

As Police Officer Checo's request for legal assistance was not forwarded to this office, we were not aware of this case until July 18, 2011. I was assigned this case late last week, long after Checo's March 30, 2011 response date had lapsed pursuant the Federal Rules of Civil Procedure. I promptly attempted to contact Officers Lee and Checo. This office undertook representation of Police Officer Lee on July 25. Officer Checo was on vacation until July 24, 2011. This office undertook his representation as of today, July 28, 2011.

A default judgment is not appropriate in this case. The Second Circuit "has expressed on numerous occasions its preference that litigation disputes be resolved on the merits, not by default," Cody v. Mello, 59 F.3d 13, 15 (2d Cir. 1995)(collecting cases). "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993) (citations omitted). Moreover, the extreme sanction of default should only be imposed "upon a serious showing of willful default." Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957). In addressing the propriety of entering a default judgment, the courts consider the following three factors: (1) whether the default was willful; (2) whether the defendant has a meritorious defense; and (3) whether plaintiff will be prejudiced if the relief is granted. Enron Oil Corp., 10 F.3d at 96. In the instant case, defendants' failure to timely respond to the complaint was not willful, defendants have a meritorious defense, and plaintiff would not be prejudiced by denying his motion for default.

First, any delay in answering the complaint was not willful or purposeful. A finding of willfulness requires "more than mere negligence," more than "mere administrative or clerical error," and more than "careless or negligent errors." Am. Alliance Ins. Co., Ltd. v. Eagle Ins. Co., 92 F.3d 57, 60-61 (2d Cir. 1996). Willfulness may be found where there is "evidence of bad faith," or the default arose "from egregious or deliberate conduct." Id. at 61. Unfortunately in this instance, the lateness of our application to the Court was caused by misplaced paperwork. While defendants regret the delay, that delay was in no way attributable to bad faith or willfulness on the part of the officers.

Second, defendants will be able to mount a meritorious defense if permitted to proceed on the case's merits. To assess the meritorious defense factor, the Court must analyze "whether the evidence submitted, if proven at trial, would constitute a complete defense." Enron Oil Corp., 10 F.3d at 98 (citations omitted). The moving party "need not conclusively establish the validity" of the defense presented. Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983). Here, plaintiff's complaint alleges that he was subject to excessive force in the course of his arrest. Officer Lee states that plaintiff ran from the police after he was observed dealing drugs in the courtyard of 1780 Madison Avenue. Plaintiff was brought to the ground during this pursuit, and only necessary force was used in order to handcuff the plaintiff, who was resisting arrest. These assertions, if proven, would constitute a complete defense to plaintiff's allegations.

Finally, as to the third prong of the default test, there has been no prejudice to plaintiff as a result of defendants' conduct. Courts have repeatedly held that delay alone is not a sufficient basis for establishing prejudice. Davis, 713 F.2d at 916. Discovery in this action has not yet commenced, and there has been no change in the manner in which this case would

2

proceed on the merits. Furthermore, plaintiff would not be in any way prejudiced should this action be allowed to proceed on the merits.

If the Court permits the case to proceed on the merits, the sixty-day enlargement of time will allow this office time to investigate the allegations set forth in the complaint in order to meaningfully respond thereto. As the disposition of Mr. Manigault's criminal charges are unknown, certain records may be sealed pursuant to New York Criminal Procedure Law § 160.50. The executed release may be necessary for this office to obtain the District Attorney, Criminal Court and police records pertaining to the arrest of plaintiff. Thus, the City is forwarding to the plaintiff for execution an authorization for the release of records that may have been sealed pursuant to this law. In addition, the City is forwarding for execution medical releases, which are necessary for our office to obtain the medical records, limited at this time to treatment records, if any, for injuries alleged to have been sustained as a result of the alleged incident.

Accordingly, we respectfully request that the Court deny plaintiff's Motion for Default Judgment and allow this case to proceed on the merits. Additionally we request that defendants time to answer be extended to September 26, 2011. No previous applications have been made for the relief requested herein. Finally, should the Court desire formal briefing with respect to plaintiff's Motion for Default Judgment, we respectfully request that defendants be given two weeks from the date of Your Honor's ruling to file same.

Respectfully submitted,

Elissa B. Jacobs
Special Assistant Corporation Counsel
Special Federal Litigation Division

cc:   BY MAIL
      Jeffrey Manigault
      11-A-2669
      Bare Hill Correctional Facility
      Caller Box 20
      181 Brand Road
      Malone, NY 12953

3